IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Remanded by Supreme Court June 3, 2002

## STATE OF TENNESSEE v. MELVIN WATERS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-A-18     Steve R. Dozier, Judge**

---

**No. M2002-01297-CCA-RM-CD - Filed Janaury 16, 2003**

---

The Supreme Court remanded this case to determine the issue of whether the trial court erred in sentencing the defendant to twelve years for the facilitation of aggravated robbery. The defendant was classified as a Range II offender. Twelve years is outside the range of a Range II offender, Class C felony. We conclude that the sentence is proper in that it does not exceed the range for a Class C felony. Offender classification ranges are non-jurisdictional and may be exceeded. We affirm this sentence.

**On Remand from the Supreme Court; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Daniel L. McMurtry, Nashville, Tennessee, for the appellant, Melvin Waters.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Brian K. Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION ON REMAND

#### Facts

The defendant, Melvin Waters, was indicted for aggravated robbery, aggravated assault, disorderly conduct, resisting arrest, and criminal impersonation. The aggravated robbery occurred on August 20, 1999. After a jury trial, he was convicted of facilitation of aggravated robbery, a lesser-included offense of aggravated robbery, aggravated assault, resisting arrest, and criminal impersonation.

**Sentencing**

The defendant waived a sentencing hearing and agreed to be sentenced as a Range II multiple offender to twelve years for facilitation of aggravated robbery, a Class C felony; six years for aggravated assault, a Class C felony; six months for resisting arrest, a Class B misdemeanor; and six months for criminal impersonation, a Class B misdemeanor, all sentences to run concurrently.

The defendant's motion for a new trial and judgment of acquittal were denied. The defendant made a direct appeal, alleging insufficiency of the evidence, and this Court affirmed the convictions. See State v. Melvin Waters, No. M2000-03224-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 933, (Tenn. Crim. App. at Nashville, Dec. 5, 2001). The defendant then filed a Rule 11 application for permission to appeal to the supreme court and raised the issue of illegal sentencing for the first time. The supreme court remanded this case to this Court for resolution of the sentencing issue.

**Issue**

The sole issue on remand is whether the trial court lacked jurisdiction to impose, upon a Range II multiple offender, a twelve-year sentence for facilitation of aggravated robbery, a Class C felony. We conclude it did not lack jurisdiction; that, even though a twelve-year sentence was outside the sentencing range for a Range II multiple offender, it was within the sentencing range for a Class C felony, and the defendant voluntarily accepted the twelve-year sentence in order to avoid the risk of being sentenced to consecutive sentences and more total time, had a full sentencing hearing been conducted.

**Analysis**

The Criminal Sentencing Reform Act of 1989 provides that "All persons who commit crimes on or after November 1, 1989, *shall* be tried and sentenced under the provisions of this chapter." Tenn. Code Ann. § 40-35-117(a) (emphasis added). Therefore, a trial court would lack jurisdiction to sentence an offender outside the act's provisions. It is true, as the defendant argues, that the twelve-year sentence for facilitation of aggravated robbery is outside the range of six to ten years for a Range II multiple offender. Tenn. Code Ann. § 40-35-112(b)(3). However, the overall range for a Class C felony is three to fifteen years. Tenn. Code Ann. § 40-35-111(b)(3). As will become evident, while a trial court does lack the jurisdiction to sentence outside a sentencing range for a class of felony, offender classification ranges are non-jurisdictional and may be used as a bargaining tool in plea-style negotiations. The sentence in the present case, twelve years for a Range II multiple offender, Class C felony, was the result of a sentencing agreement. In addition to the twelve years for the facilitation of aggravated robbery, the agreement provided for six years for the aggravated assault and six months for both the resisting arrest and the criminal impersonation, to be served concurrently. Had the defendant not accepted the agreed-upon sentence and a full sentencing hearing had been conducted, the defendant ran the risk that the State could have pursued consecutive sentences, which may have resulted in a longer effective sentence.

An appellate court's review of a challenged sentence is *de novo* on the record, with a presumption the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments to this section of the statute indicate the defendant bears the burden of establishing the sentence is improper. When the trial court follows the statutory sentencing procedure and gives due consideration and proper weight to the factors and principles relevant to sentencing, this Court may not disturb the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Our decision today is guided by the principles established in State v. Hicks, 945 S.W.2d 706 (Tenn. 1997). In Hicks, our supreme court reiterated that "a knowing and voluntary guilty plea waives any irregularity as to offender classification and release eligibility." Id. at 709. More recently, in Marc A. Bland v. James M. Dukes, Warden, No. W2002-00579-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 681 (Tenn. Crim. App. Aug. 13, 2002, at Jackson) app. denied (Tenn. Dec. 9, 2002), this Court interpreted both Hicks and McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000), as standing for the position that offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989. In Hicks, the petitioner pled guilty to voluntary manslaughter, a Class C felony, and agreed upon a Range II sentence of ten years, coupled with a Range I release eligibility of thirty percent.[1] Hicks, 945 S.W.2d at 706. The Supreme Court held such a "hybrid" sentence was valid when imposed as a result of a knowing, voluntary plea bargain agreement. Id. at 706.

In McConnell, the supreme court held that *sentencing* under the 1989 Act was jurisdictional, in declaring that a sentence of thirty-five years for a Range I offender for second degree murder and robbery by use of a deadly weapon was not permitted, being in excess of the provisions of the 1989 Act. McConnell, 12 S.W.3d at 800. Importantly, this Court, in Bland, recognized that, despite McConnell's rejection of the thirty-five-year sentence due to its being outside the permitted range as per the 1989 Act, it did not alter the ability of the State to use offender classification and release eligibility as subjects of plea bargain negotiations. Bland, 2002 Tenn. Crim. App. LEXIS 681, at * 6-7 (Tenn. Crim. App. at Jackson, Aug. 13, 2002). Moreover, the McConnell court declared those elements as non-jurisdictional. Id. at 798. The McConnell court approved the prior sentencing of an offender as a Range II offender, despite the fact the offender's criminal record did not justify a Range II classification. Id. at 798, *citing* State v. Mahler, 735 S.W.2d 226, 227-28 (Tenn. 1987) (Pursuant to a plea bargain, the accused in Mahler pleaded guilty to second degree murder as a Range II offender.).

Thus, the question becomes, is a sentencing agreement made in lieu of a full sentencing hearing tantamount to a plea agreement? We conclude that it is. Despite the fact that there was a jury finding of guilty, when the defendant accepted the sentence established in the sentencing agreement, instead of proceeding with a full fledged sentencing hearing, he did so in what he perceived as his best interests, similar to the acceptance of a guilty plea. The defendant accepted a

---

[1] The Range I punishment was three to six years, and the Range II release eligibility was normally thirty-five percent.

-3-

twelve-year sentence for a Class C felony. The defendant was classified as a Range II multiple offender, which has a sentencing range of six to ten years, but accepted a sentence provided for Range III persistent offenders. The trial court explained to the defendant that a twelve-year sentence was a Range III persistent offender sentence, and the defendant accepted it in order to avoid the risk of being sentenced consecutively for his four convictions, which could have produced an effectively longer sentence. In return, the State was relieved of the burden of having to conduct a full sentencing hearing. This type of agreement could have been made pursuant to a plea bargain, and we see no reason that the same bargaining principles applicable in a plea bargain should not apply after a trial in a sentencing agreement. Therefore, applying the principles of <u>Hicks</u>, as long as the sentencing agreement was entered into voluntarily and knowingly, it will be valid, even if the sentence was outside the applicable offender range.

There is nothing in the record to indicate this sentencing agreement was not voluntary and knowing. In discussing the agreed-upon sentence, the following colloquy took place:

> THE COURT: All right. Do you understand that as Mr. McMurtry has mentioned here that one of the issues at the sentencing hearing would be whether either of these felony convictions or the misdemeanor conviction would run consecutive to each other. That would be an issue that would be addressed at the sentencing hearing. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: It's a twelve-year sentence, facilitating aggravated robbery, and six years as a range two, thirty-five percent for parole purposes on the aggravated assault to run concurrent with each other. That's together. That would be for– to your benefit. But do you understand you do not have to agree to these sentences and you could have a sentencing hearing? Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand by agreeing to this recommendation, you are waiving your right to have a sentencing hearing?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Is that what you choose to do?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: All right. The other recommendation on your other two misdemeanors are the six months sentences each on the resisting arrest and criminal impersonation to run concurrent or you may have already served that amount of time, but do you understand that, as well?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: All right. Is that what you choose to do, to accept this recommendation made by the State and have the Court impose those sentences?
>
> DEFENDANT: Yes, sir.

The record shows that the defendant knowingly and voluntarily accepted the sentence from the sentencing agreement. Having determined that the defendant's offender classification was the subject of the sentencing agreement, we conclude the trial court had jurisdiction to approve such a "bargain."

## Conclusion

The sentence imposed resulted from a sentencing agreement between the defendant and the State. That sentencing agreement is tantamount to a plea bargain, which we conclude was made in good faith, knowing and voluntary, and waived any irregularity as to offender classification. The sentence imposed was within the range for a Class C felony of three to fifteen years, which is jurisdictional and non-waivable. The offender classification and release eligibility status is non-jurisdictional and subject to agreement and waiver by the defendant. Accordingly, we affirm the sentence imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE