IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 28, 2004

## TONY HOPKINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8938      E. Eugene Eblen, Judge**

_____

**No. E2003-01691-CCA-R3-HC - Filed October 25, 2004**

_____

The petitioner, Tony Hopkins, appeals the dismissal of his petition for writ of habeas corpus, contending that, following his guilty plea, he was wrongfully sentenced to a fifteen-year sentence as a Range I offender on a Class B felony.  After careful review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Tony Hopkins.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; J. Scott McCluen, District Attorney General; and D. Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts and Procedural History**

The petitioner was indicted on two counts of aggravated robbery and two counts of especially aggravated kidnapping.  Pursuant to a negotiated plea agreement, the petitioner was convicted of two counts of aggravated robbery, a Class B felony, and two counts of the reduced charge of kidnapping; he was classified as a Range I, standard offender.  The potential sentence for such an offender convicted of a Class B felony is eight to twelve years.  Tenn. Code Ann. § 40-35-112(a)(2) (2004).  However, as a condition of his plea to the counts of aggravated robbery, the petitioner agreed to a "hybrid" sentence of fifteen years, which is a Range II sentence, with a Range I release eligibility date.  The judgment further corroborated the terms of the agreement by noting "RED is negotiated with Range II sentence."  In October 2002, the petitioner filed a

*pro se* petition for writ of habeas corpus. Thereafter, counsel was appointed and a hearing was held, in which the petitioner argued that the length of his sentence was illegal because it fell outside the maximum penalty for a Range I offender. The court denied the petition because the judgment was not void and, therefore, was not appropriate grounds for habeas relief. The petitioner then filed a timely appeal to this Court.

On appeal, the State argues that the judgment is not void on its face because the agreed upon sentence of fifteen years was within the statutory range for a Class B felony and because the petitioner knowingly and voluntarily agreed to the hybrid sentence as a condition of his plea agreement. The appellant reiterates that the judgment is void because the sentence issued falls outside the statutory maximum penalty for a Range I offender. Further, he argues that any notation on the judgment, reflecting an agreement to such terms, does not cure the illegality of the sentence.

**Analysis**

The grounds upon which habeas corpus relief can be sought are decidedly narrow; relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or when a defendant's sentence has expired and the defendant is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Further, a sentence in direct contravention of a statute is illegal and void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). In order to prevail, the petitioner must "prove that a jurisdictional defect appears in the record of the original trial." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002).

Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997)). Moreover, our supreme court held in Hicks that hybrid sentences are permissible because "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Hicks, 945 S.W.2d at 709.

The petitioner relies primarily on McConnell to support the proposition that the trial court did not have jurisdiction to impose a sentence outside the maximum statutory penalty for his range, pursuant to his plea agreement. However, the petitioner's reliance on the reasoning in McConnell is misplaced; in that case, the court nullified the plea agreement not because the number of years was outside the range, but because it was expressed in terms of the 1982 Sentencing Act rather than the 1989 Act. Bland, 97 S.W.3d at 135 (citations omitted). In fact, McConnell cited Hicks with approval and noted that its decision did not disturb "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations." McConnell, 12 S.W.3d at 798.

-2-

In the case at bar, the petitioner's plea agreement was negotiated under the terms of the 1989 Sentencing Act. Moreover, the sentencing range for Class B felonies is between eight and thirty years; the petitioner's sentence of fifteen years is properly within this range. Tenn. Code Ann. § 40-35-111(b)(2) (2004). Finally, pursuant to <u>Hicks</u> and its progeny, the agreed upon hybrid sentence, which mixed the range of incarceration and the range of release eligibility, is permissible. Therefore, because the petitioner executed a knowing and voluntary guilty plea and because his sentence was issued in compliance with applicable statutory and case law, the trial court's denial of the petitioner's writ of habeas corpus is affirmed.

## Conclusion

Based on the foregoing, and the record as a whole, the trial court's dismissal of the petitioner's habeas corpus petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE