# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## KEITH D. HENDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3550     Seth Norman, Judge**

---

**No. M2004-02665-CCA-R3-HC - Filed March 29, 2005**

---

The Petitioner, Keith D. Henderson, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Keith D. Henderson, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner pled guilty to second degree murder, a class A felony, and he was sentenced, pursuant to the plea agreement as a range II offender, to forty-five years. On August 27, 2004, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Davidson County Criminal Court. He asserted that the trial court illegally sentenced him. On October 8, 2004, the trial court issued an order dismissing the Petitioner's petition for habeas corpus relief. The Petitioner filed his notice of appeal in the trial court on October 25, 2004.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851

S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The record reveals that the Petitioner received a sentence of forty-five years as a range II offender for his conviction for second degree murder. This sentence is designated a "hybrid sentence" as he received a range III sentence for a class A felony with a range II offender release eligibility. See Tony Hopkins v. State, E2003-01691-CCA-R3-HC, 2004 WL 2378248, *1 (Tenn. Crim. App., at Knoxville, Oct. 25, 2004), *no perm. app. filed*. The Petitioner contends that his sentence is illegal because it is outside the statutory sentence range and, therefore, his guilty plea was not knowingly and voluntarily entered.

These allegations, even if true, do not provide the Petitioner with a valid ground for habeas corpus relief. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997)). Further, our Supreme Court held in Hicks that hybrid sentences are permissible because "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Hicks, 945 S.W.2d at 709. Finally, the Petitioner's assertions that his guilty plea was unknowing and involuntary are not cognizable in a habeas corpus action because, even if true, the judgment would not be rendered void, but merely voidable. See Bryan Pearson v. State, No. E2003-02597-CCA-R3-CD, 2004 WL 1606982, *2 (Tenn. Crim. App., at Knoxville, Jul. 16, 2004), *perm. app. denied* (Tenn. Nov. 8, 2004).

The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or his term of imprisonment has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE