IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

JAMES EUGENE YATES v. STATE OF TENNESSEE

Direct Appeal from the Criminal Court for Shelby County
No. P-28430   W. Fred Axley, Judge

No. W2004-01746-CCA-R3-HC  - Filed May 23, 2005

The Petitioner, James Eugene Yates, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ.  joined.

James Eugene Yates, pro se.

Paul G. Summers, Attorney General & Reporter; David Edward Coenen, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

On April 29, 1992, Petitioner James Yates entered guilty pleas to one count of second degree murder, two counts of theft of property over $500.00, and two counts of aggravated burglary. *See James Yates v. State*, No. 02C01-9307-CR-00158, 1994 WL 682847, *1 (Tenn. Crim. App., at Jackson, Dec. 7, 1994), *perm. to appeal denied*, (Tenn. Feb. 27, 1995). In exchange for his guilty pleas, Petitioner received an effective sentence of fifty (50) years. *Id.* On May 2, 1992, Petitioner

entered a guilty plea to one count of arson and was sentenced to five years. *Id.* This sentence was ordered to be served concurrently with his effective fifty (50) year sentence. *Id.* In September 1992, Petitioner sought post-conviction relief, alleging, *inter alia*, ineffective assistance of counsel and an involuntary guilty plea. *Id.* The trial court denied relief and this Court affirmed the trial court's denial. *Id.* Petitioner is currently confined at the Northwest Correctional Complex in Lake County, Tennessee.

On May 6, 2004, Petitioner filed a petition for writ of habeas corpus relief in the Shelby County Criminal Court attacking the validity of his conviction for second degree murder. As grounds for relief, Petitioner alleged that his conviction and sentence were void because (1) his sentence of 50 years as a persistent offender is void because, at the time of his guilty plea, he did not have the prior offenses necessary to classify him in that range, (2) his sentence of 50 years as a persistent offender is void because at the time of his guilty plea, the applicable sentencing laws allowed parole for offenders in the petitioner's correct range, and (3) his guilty plea was "unlawfully induced and was not made voluntarily." The State filed a motion to dismiss the petition based upon the Petitioner's failure to adhere to the statutory requirements of section 29-21-107, Tennessee Code Annotated, and because the petition failed to state a claim for habeas corpus relief. On June 11, 2004, the trial court entered an order summarily dismissed the petition as "without sufficient legal basis for the relief requested." A timely notice of appeal document was filed on July 9, 2004.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted).

A petition for habeas corpus relief may also be dismissed for failure to follow the procedural provisions of the habeas corpus statutes. *See Hickman*, 153 S.W.3d at 21. Tennessee Code Annotated section 29-21-107(a) provides that habeas corpus petitions must be signed and verified by affidavit. This statute further requires the petition to state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the

applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

*Id.* (citing Tenn. Code Ann. § 29-21-107(b) (2000)). The petition filed by Petitioner Yates fails to comply with the statute. The Petitioner failed to file his petition in the proper court, and he failed to provide any reason for not filing the petition in the court most convenient to him. *See* Tenn. Code Ann. § 29-21-105. The Petitioner is confined in Lake County, yet the petition was filed in Shelby County. Second, Petitioner failed to state the cause or pretense of his restraint and failed to attach copies of his judgment. Next, the Petitioner failed to state whether the legality of the restraint has not already been adjudged upon a prior proceeding of the same character. Finally, Petitioner failed to state whether this was his first application for the writ, or, if a previous application has been made, has failed to attach a copy of the petition and proceedings thereon. Accordingly, the petition was properly dismissed for failure to comply with the procedural requirements. *See generally Hickman*, 153 S.W.3d at 21, n.3.

In addition for failing to comply with the statutory requirements, the petition filed by Yates also fails to state a cognizable claim for habeas corpus relief. Again, the Petitioner's claims challenge the voluntariness of his guilty plea and his sentence as a persistent offender. A petition for the writ of habeas corpus relative to a person imprisoned pursuant to a judgment of conviction may be brought to contest confinement if the judgment is void or the sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. *Id.* at 161. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State,* 945 S.W.2d 706, 709 (Tenn. 1997)). Thus, relief cannot be granted on this basis. Finally, the Petitioner's assertion that his guilty plea was unknowing and involuntary is not cognizable in a habeas corpus action because, even if true, the judgment would not be rendered void, but merely voidable. *See Bryan Pearson v. State,* No. E2003-02597-CCA-R3-CD, 2004 WL 1606982, at *2 (Tenn. Crim. App., at Knoxville, Jul. 16, 2004), *perm. to appeal denied,* (Tenn. Nov. 8, 2004).

The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or his term of imprisonment has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE

4