IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2002

## MARC A. BLAND v. JAMES M. DUKES, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5570    Joseph H. Walker, Judge**

---

**No. W2002-00579-CCA-R3-CO - Filed August 13, 2002**

---

The petitioner, Marc A. Bland, appeals as of right the Lauderdale County Circuit Court's dismissal of his petition for habeas corpus relief. He contends that his judgments of conviction are void due to illegal sentences contained therein. We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Marc A. Bland, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1997, the petitioner pled guilty to aggravated robbery, a Class B felony, in one case and to voluntary manslaughter, a Class C felony, in a separate case. The Shelby County Criminal Court sentenced him to fifteen years as a Range I, standard offender for the aggravated robbery conviction and to fifteen years as a Range III, persistent offender for the voluntary manslaughter conviction. It ordered him to serve the sentences consecutively in the Department of Correction. In September 1997, the convicting court entered an order correcting the judgments of conviction to reflect concurrent rather than consecutive sentences. The petitioner contends that his sentences are illegal, and therefore void, because they contravene the 1989 Sentencing Reform Act. With regard to the sentence for aggravated robbery, he argues that the fifteen-year sentence exceeds the maximum of twelve years in Range I for a Class B felony. See Tenn. Code Ann. 40-35-112(a)(2). As for the sentence for voluntary manslaughter, he claims that he lacked sufficient prior felony convictions to qualify as a Range III offender. See Tenn. Code Ann. § 40-35-107(a). The state contends that the sentences are not illegal.

A petition for a writ of habeas corpus may be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. A sentence that directly contravenes a statute is illegal and void. Stephenson v. Carlton, 12 S.W.3d 910, 911 (Tenn. 2000); State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). A sentence that is illegal, and therefore void, renders the entire judgment of conviction void. In order for the habeas corpus petitioner to prevail, the illegality of the sentence must be apparent from "the face of the judgment or the record of the proceedings upon which the judgment is rendered." Stephenson, 28 S.W.3d at 911.

The petitioner contends that his fifteen-year sentence as a Range I offender exceeds the maximum sentence in that range for a Class B felony, which is twelve years. See Tenn. Code Ann. § 40-35-112(a)(2). He argues that although he agreed to this sentence in good faith, the trial court lacked jurisdiction to impose an agreed sentence that exceeded the statutory penalty for his range. The state notes that a hybrid sentence may have the length of incarceration in one range and the release eligibility percentage in another. It argues that as long as the term of years does not exceed the term allowed for the felony class, a defendant may lawfully agree to its imposition.

Our supreme court has held that offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). In Hicks, the petitioner pled guilty to voluntary manslaughter, a Class C felony, and agreed to a hybrid sentence involving a Range II length of incarceration of ten years and a Range I release eligibility percentage of thirty percent. See Tenn. Code Ann. § 40-35-112(a)(3), -(b)(3). He subsequently petitioned for post-conviction relief, contending that his agreed, ten-year sentence was in contravention of the 1989 Sentencing Act when coupled with his thirty percent release eligibility status. The court concluded that such hybrid sentences were permissible under the 1989 Act and held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id.

The defendant relies upon McConnell and State v. Cutwright, No. 02C01-9108-CC-00175, Henderson County (Tenn. Aug. 31, 1992) (order), to argue that an agreed sentence cannot exceed the maximum sentence in the range that establishes the release eligibility status. In both cases, the petitioners pled guilty and agreed to sentences under the 1982 Sentencing Act, although the 1989 Act had already taken effect. In Cutwright, the petitioner was sentenced to fifty years as a Range II offender with a forty percent release eligibility status under the 1982 Act. The supreme court observed that the 1989 Act applied and that the maximum sentence for a Range II offender under the 1989 Act was forty years, as opposed to fifty years under the 1982 Act. Id. at 1. Thus, the court held that the agreed sentence was void and remanded the case to the trial court for correction of the sentence or withdrawal of the guilty plea. Id. at 2. In Hicks, the supreme court explained that it did not disapprove of the mixing of offender classifications and release eligibility percentages in Cutwright. 945 S.W.2d at 709 n.9. Instead, it deemed the judgment facially void because the

defendant was sentenced under the 1982 Act and the forty percent release eligibility status did not exist under the 1989 Act. Id.

In McConnell, the petitioner pled guilty to second degree murder, a Class A felony, and six counts of robbery with a deadly weapon, a Class B felony. He agreed to a sentence of thirty-five years as a Range I offender under the 1982 Sentencing Act for the murder, to concurrent ten-year sentences for five of the robbery counts, and to a thirty-five year sentence for the sixth robbery count to run consecutively to the murder sentence. The court held that the trial court's jurisdiction to sentence the petitioner was limited by the 1989 Sentencing Act, which sets the perimeter within which the state and the accused can negotiate. McConnell, 12 S.W.3d at 798-99. It stated that the thirty-five-year sentences imposed pursuant to the 1982 Act exceeded the maximum twenty-five-year and twelve-year sentences for a Range I offender under the 1989 Act. Id. at 800.

The petitioner relies upon McConnell to argue that the trial court did not have jurisdiction to impose a sentence that exceeded the maximum statutory penalty for his range although he agreed to the sentence. Yet, we note that the McConnell court cited Hicks with approval and affirmed that its decision did not alter "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations." Id. at 798. In light of McConnell's affirmation of Hicks, this court has concluded that the plea agreement in McConnell was nullified because it was expressed in terms of the 1982 Act, not because the number of years was outside the range. Mark E. Oliver v. State, M1999-02323-CCA-R3-PC, Hickman County, slip op. at 3-4 (Tenn. Crim. App. Dec. 28, 2000), app. denied (Tenn. July 9, 2001); see also William Boyd v. State, E1999-021798-CCA-R3-PC, Knox County, slip op. at 4-5 (Tenn. Crim. App. Nov. 6, 2000). In the present case, the petitioner negotiated his plea agreement using the terms of the 1989 Act, and therefore, the mixing of the length of incarceration and the release eligibility status is permissible under Hicks. Thus, the petitioner's judgment reflects a guilty plea and a hybrid sentence, which do not contravene the 1989 Sentencing Act.

The petitioner also contends that his fifteen-year sentence as a Range III offender for voluntary manslaughter is illegal because he did not have sufficient convictions to qualify as a Range III offender. Initially, we note that the sentencing range for a Range III offender convicted of a Class C felony is ten to fifteen years. Tenn Code Ann. § 40-35-112(c)(3). Thus, the judgment on its face does not contravene the statute. As noted above, offender classification is non-jurisdictional and a proper basis for plea negotiations. McConnell, 12 S.W.3d at 798. The petitioner is not entitled to relief on this issue.

Based upon the foregoing and the record as a whole, we affirm the trial court's dismissal of the petition for habeas corpus relief.

_____
JOSEPH M. TIPTON, JUDGE

-3-