IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 10, 2004

## RONNIE GRAVES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 2-206     William B. Acree, Jr., Judge**

---

**No. W2002-02406-CCA-R3-PC  - Filed February 19, 2004**

---

The petitioner was indicted for first degree murder and subsequently pled guilty to voluntary manslaughter. Pursuant to the plea agreement, the petitioner was sentenced to fifteen years as a career offender with a 60% release eligibility date. The petitioner appeals the post-conviction court's denial of post-conviction relief, arguing: (1) he received ineffective assistance of counsel; and (2) his guilty plea was made unknowingly with respect to his release eligibility status as a career offender. Upon review of the record and the applicable law, we affirm the post-conviction court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); James T. Powell, Union City, Tennessee (at hearing), for the appellant, Ronnie Graves.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner testified at the post-conviction hearing that he "didn't know that in order to be a career offender you have to have so many priors" and that he did not understand what the term career offender meant. The petitioner stated that at the time he entered his plea, he did not know the state was required to file written notice of enhanced sentencing for a career offender. *See* Tenn. Code Ann. § 40-35-202(a). The petitioner conceded he understood that the plea agreement was for a sentence of fifteen years at 60%.

Defense counsel testified he advised the petitioner the plea would be to fifteen years at 60%. Although defense counsel could not be sure whether he and the petitioner discussed the meaning of

the term "career offender," he was certain he communicated to the petitioner that he would be required to serve 60% of the sentence before being eligible for release. Defense counsel testified he was confident the petitioner understood the plea agreement.

Defense counsel stated he interviewed witnesses, reviewed discovery, and talked with the petitioner about what could occur if he were convicted. Defense counsel stated that after investigating the case and interviewing the witnesses, he thought the plea agreement was "a great deal for [the petitioner]."

The post-conviction court denied post-conviction relief, finding: (1) defense counsel was not ineffective in allowing the petitioner to accept a guilty plea as a career offender without requiring the state to file a notice of enhanced sentencing; and (2) defense counsel did not fail to inform the petitioner of the consequences of his guilty plea. The court further found that the transcript of the petitioner's guilty plea hearing "establishes that the petitioner was fully informed of the length and nature of his sentence." The court also noted that the petitioner was indicted for a crime which carries a life sentence and that the petitioner received a much more favorable sentence under the plea agreement.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends defense counsel was deficient (1) in allowing him to plead guilty as a career offender when the state failed to submit written notice of its intent to seek enhanced sentencing, and (2) in failing to adequately explain the effect of pleading guilty as a career offender.

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As to guilty pleas, the petitioner must establish that, but for counsel's errors, petitioner would not have entered the plea and would have insisted on going to trial. *See* Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). This court will not disturb the findings of fact entered by the post-conviction court unless the evidence preponderates against them. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

## A. State's Lack of Written Notice of Enhanced Sentencing

Our appellate courts have held that offender classification and release eligibility are non-jurisdictional and are legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997); Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). Our supreme court specifically held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Hicks, 945 S.W.2d at 709. Thus, in view of the

petitioner's guilty plea and agreement to the sentence of fifteen years as a career offender, it was unnecessary for the state to file a written notice of enhanced sentencing. Trial counsel was not ineffective in failing to insist on a written notice.

**B. Petitioner's Understanding of Term "Career Offender"**

The petitioner contends he suffered prejudice due to his attorney's failure to adequately explain the effects of entering a guilty plea as a career offender. However, the petitioner testified at the post-conviction hearing that he knew before he entered his plea that he would receive fifteen years at 60%. Further, defense counsel testified that he and the petitioner had discussed the effects of his plea and that the petitioner was "very intelligent" and understood. The post-conviction court accredited defense counsel's testimony and found the petitioner understood the "length and nature of his sentence." The evidence does not preponderate against the post-conviction court's findings.

## II.  KNOWING AND VOLUNTARY GUILTY PLEA

The petitioner also contends his plea was unknowing with respect to his career offender status. Our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. *Id.* at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of *what the plea connotes* and *of its consequences.*" *Id.* at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).
>
> Likewise, in Mackey, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea . . . ." 553 S.W.2d at 340.

State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999).

The petitioner asserts that at the time he entered his plea, he did not understand what a career offender was; therefore, his plea should not stand. The transcript of his guilty plea hearing indicates the petitioner was questioned about his career offender status before the plea was accepted. He indicated that he understood he would be required to serve a minimum of 60% of his sentence before being eligible for release. The post-conviction court found the plea was entered knowingly and voluntarily. We agree.

The judgment of the post-conviction court is affirmed.

_____
JOE G. RILEY, JUDGE