IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 6, 2004 Session

## STATE OF TENNESSEE v. ELIZABETH ALLISON

**Direct Appeal from the Circuit Court for Gibson County**
**No. 14872-2     L. T. Laferty, Judge**

**No. W2003-02007-CCA-R3-CD  - Filed April 8, 2004**

Petitioner, Elizabeth Allison, filed a petition for writ of habeas corpus in which she alleged that her judgment of conviction was void because the length of her sentence exceeded the range of sentence for a Range I offender.  Relying upon the supreme court's decision in *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), the trial court granted Petitioner habeas corpus relief.  The State now appeals and argues that the trial court erred in granting Petitioner's petition for writ of habeas corpus.  After a through review of this matter, we reverse the judgment of the trial court, dismiss the petition, and remand this matter for reinstatement of the judgment of conviction and sentence previously imposed.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Trial Court Reversed, Petition Dismissed, and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Garry Brown, District Attorney General; and William Bowen, Assistant District Attorney General, for the appellant, the State of Tennessee.

Richard Gossum, Trenton, Tennessee, for the appellee, Elizabeth Allison.

### OPINION

Petitioner was indicted for first degree murder.  She pled guilty to second degree murder, a Class A felony, and was classified as a Range I standard offender.  The potential sentence for a Range I standard offender convicted of a Class A felony is fifteen to twenty-five years.  Tenn. Code Ann. § 40-35-112(a)(1).  As a condition of her plea, however, Petitioner agreed to a sentence of forty years, which is a Range II sentence, with a Range I release eligibility date.  *See id.* 40-35-112(b)(1).

Petitioner filed a petition for writ of habeas corpus alleging that the length of her sentence was in contravention of the 1989 Sentencing Act and therefore void.  The trial court found that the

length of Petitioner's sentence could not exceed the maximum sentence for a Range I standard offender, or twenty-five years, under the supreme court's holding in *McConnell,* and granted Petitioner habeas corpus relief.

The State argues on appeal that Petitioner knowingly and voluntary agreed to a hybrid sentence that combined the length of incarceration for a Range II offender with the release eligibility date of a Range I offender. The range of sentence for a Class A felony is fifteen to sixty years. Tenn. Code Ann. § 40-35-211(b)(1). Because the forty-year sentence agreed to by Petitioner does not exceed the sentence for her felony class, the State contends that Petitioner's sentence is legal, and the trial court erred in granting Petitioner's petition for a writ of habeas corpus. *See Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997). As supplemental authority, the State relies on *State v. Joy Nelson*, No. W2003-00798-CCA-R3-CD ((Tenn. Crim. App., Jackson, Dec. 19, 2003) in which this Court found that the mixing of a Range II sentence with a Range I release eligibility date is permissible under *Hicks.*

Habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or when a defendant's sentence has expired and the defendant is being illegally restrained. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Johns v. Bowlen*, 942 S.W.2d 544, 546 (Tenn. Crim. App. 1996). A sentence that directly contravenes a statute is illegal and void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). In order to prevail, the petitioner must show that the illegality of the sentence is apparent from "the face of the judgment or the record of the proceedings upon which the judgment is rendered." Id.

Offender classification and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2003), citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks*, 945 S.W.3d at 709. Although Petitioner relies upon *McConnell* to argue that her sentence is facially void, this Court has previously concluded that "the plea agreement in *McConnell* was nullified because it was expressed in terms of the 1982 Act, not because the number of years was outside the range." *Bland*, 97 S.W.3d at 135 (citations omitted). In *Hicks*, which was cited with approval in *McConnell*, the supreme court stated that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks*, 945 S.W.2d at 709.

In the case *sub judice*, Petitioner negotiated her plea agreement under the terms of the 1989 Sentencing Act, and the agreed upon hybrid sentence which mixed the range of incarceration and the release eligibility date was permissible under *Hicks*. A forty-year sentence is within the range of sentence established for a Class A felony. Tenn. Code Ann. § 40-35-211(b)(1). Thus, the judgment on its face does not contravene the statute.

**CONCLUSION**

Based on the foregoing, we reverse the trial court's grant of Petitioner's petition for habeas corpus relief, dismiss the petition, and remand this matter for reinstatement of the original judgment of conviction and sentence previously imposed for second degree murder.

_____
THOMAS T. WOODALL, JUDGE