IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2004

## RANDALL WATSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. F-27209     Bernie Weinman, Judge**

---

**No. W2003-02399-CCA-R3-HC  - Filed July 20, 2004**

---

The Defendant, Randall Watson, pled guilty to second degree murder.  He subsequently filed a petition for habeas corpus relief.  After considering the Defendant's petition as presented and also as a petition for post-conviction relief, the trial court dismissed the Defendant's pleading.  This appeal followed.  We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Brett Stein, Memphis, Tennessee, for the appellant, Randall Watson.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Emily Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was indicted for first degree premeditated murder in July 1994 for a killing he committed earlier that year.  The Defendant subsequently pled guilty to second degree murder in exchange for an agreed Range III sentence of fifty years.  Judgment was entered on October 7, 1996.

On February 14, 2003, the Defendant filed a petition for habeas corpus relief alleging that his sentence was illegal and the judgment against him therefore void.  The State responded that the Defendant's sentence was not illegal and that the petition was further time-barred.  A brief hearing was held, after which the trial court dismissed the Defendant's petition on the basis that it was both without merit and barred by the statute of limitations.  This direct appeal followed.

The Defendant's claim that he is being illegally restrained due to an illegal sentence is without merit. See generally Bland v. Dukes, 97 S.W.3d 133 (Tenn. Crim. App. 2002). Although the Defendant claims that he does not have sufficient prior felony convictions to qualify for a Range III sentence, a defendant may legally agree to be sentenced within a particular range pursuant to a negotiated plea agreement, even if he or she would not otherwise fall within that sentencing range. See Hicks v. State, 945 S.W.2d 706, 708 (Tenn. 1997); State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). In this case, the Defendant agreed to a fifty year sentence for a Class A felony. The full sentencing range for a Class A felony is fifteen to sixty years. See Tenn. Code Ann. § 40-35-112(a)(1), (c)(1). Accordingly, the Defendant's sentence does not contravene the applicable statutes, his sentence is not illegal, his judgment is not void on its face, and his claim for habeas corpus relief was properly dismissed as being without merit.

The Defendant also raised at the hearing a claim that he had been deprived of his due process rights in conjunction with his pre-plea motion to suppress. Accordingly, the trial court also considered the Defendant's petition as one for post-conviction relief. See id. § 40-30-105(c). However, the trial court further found that, as a petition for post-conviction relief, the Defendant's pleading was time-barred. The Defendant's judgment became final in 1996. The Defendant did not file his petition until 2003. Petitions for post-conviction relief must be filed within one year of the time judgment becomes final. See id. § 40-30-102(a). We agree with the trial court that the Defendant's petition is barred by the statute of limitations.

The Defendant argues that "due process" should toll the running of the statute of limitations. Specifically, the Defendant contends that "the transcript of the Motion to Suppress indicates that [his] due process rights were violated in the statement that he gave the police officers and the Trial Judge erred, as a matter of due process, in not suppressing [his] statement." The Defendant's argument is misplaced. Our supreme court has acknowledged that, under certain very limited circumstances, due process considerations may require a tolling of the statute of limitations: "due process may prohibit strict application of the statute of limitations in a post-conviction case 'when the grounds for relief, whether legal or factual, arise after . . . the point at which the limitations period would normally have begun to run.'" Sample v. State, 82 S.W.3d 267, 272 (Tenn. 2002) (quoting Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995)). The asserted ground for relief raised by the Defendant -- that police officers somehow violated his rights during questioning -- arose prior to the Defendant's guilty plea. Moreover, the Defendant could have appealed the trial court's ruling on his motion to suppress. He chose not to do so. The Defendant thereby waived any asserted due process claim he might have had in conjunction with his statement. The Defendant has not identified any due process violation that might give rise to a tolling of the statute of limitations. Accordingly, this issue is also without merit.

We conclude that the trial court did not err by dismissing the Defendant's petition. We affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE