IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief June 7, 2005

## C.S.O. NORVELL, JR. v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Tipton County**
**No. 2467     Joseph H. Walker, Judge**

**No. W2004-02580-CCA-R3-HC  - Filed August 24, 2005**

Petitioner, C.S.O. Norvell, Jr., filed a petition for writ of habeas corpus, attacking his conviction for second degree murder in the Tipton County Circuit Court.  The petition was summarily dismissed by the trial court without an evidentiary hearing.  Petitioner has appealed, arguing that his conviction is void because he received an illegal sentence.  After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

C.S.O. Norvell, Jr., Henning, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and James W. Freeland, Jr., Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

According to the petition for writ of habeas corpus, in November 1992, the Tipton County Grand Jury indicted Petitioner for first degree murder.  On March 8, 1993, pursuant to a negotiated plea agreement, Petitioner pled guilty to second degree murder and was sentenced to serve sixty (60) years as a Range I, standard offender, with a 35% [sic] release eligibility status.

On September 17, 2004, he filed a *pro se* petition for writ of habeas corpus challenging the validity of his conviction for second degree murder.  In the petition, he alleges that the sentence is illegal and void because it is "outside the statutory guidelines" of fifteen to twenty-five years at thirty percent release eligibility status for a Range I sentence for conviction of second degree murder, a Class A felony. The full, authorized term of imprisonment for a Class A felony is not less than fifteen years nor more than sixty years. Tenn. Code Ann. § 40-35-111(b)(1).  In its order dismissing the petition without an evidentiary hearing, the trial court specifically found that petitioner's sentence had not expired, the sentence was lawful, and the trial court had jurisdiction to impose the sentence.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codifiy the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

Since the offense for which Petitioner was convicted occurred prior to July 1, 1995, it was not required to have a one hundred percent service of the sentence without a release eligibility status. *See* Tenn. Code Ann. § 40-35-501(i)(1) and (2).

The negotiated plea agreement reached by Petitioner and the State at the time of his submission hearing in 1993, provides for a "standard offender" Range I sentence, with a Range II release eligibility date of 35%, *see* Tenn. Code Ann. § 40-35-501(d), and the length of the sentence imposed is within Range III for conviction of the Class A felony offense of second degree murder. *See* Tenn. Code Ann. § 40-35-112(c)(1).

In *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997), our supreme court succinctly stated the ruling of that case as follows:

> At issue in this post-conviction case is whether a plea bargained Range II sentence is valid when coupled with a Range I release eligibility. We conclude that such a sentence, when imposed as a result of a plea bargain agreement entered voluntarily and knowingly, is valid.

*Id*. at 706.

The parties in a criminal proceeding are precluded from attacking an agreed-upon range imposed by the trial court where the sentence is imposed as a result of a plea negotiation done in good faith and where there are no allegations of fraud or misfeasance. *Id*. at 708. In concluding, the *Hicks* court specifically held, "[w]e reiterate today that a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id*. at 709.

In *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), the appellant pled guilty to one count of second degree murder and six counts of robbery by use of a deadly weapon for offenses which occurred in January 1989. He did not plead guilty until November 1990. Pursuant to the agreement, he received a sentence of thirty-five years as a Range I offender for second degree murder, and a sentence of thirty-five years for one conviction of robbery by use of a deadly weapon. In the other five convictions for robbery by use of a deadly weapon, he received a sentence of ten years for each conviction. The court in *McConnell* held that the sentence for the second degree murder and the thirty-five year sentence for robbery with a deadly weapon were illegal and void sentences because

they were imposed under the Criminal Sentencing Reform Act of 1982, when it was required that sentences in such cases be imposed under the Criminal Sentencing Reform Act of 1989. *McConnell* at 798. Notwithstanding this holding, the court in *McConnell* explicitly stated that "[o]ur decision today in no way alters the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations. These elements of plea bargaining have been and still are properly characterized as non-jurisdictional." *Id*.

In *Bland v. Dukes*, 97 S.W.3d 133 (Tenn. Crim. App. 2002), the petitioner in a habeas corpus proceeding had pled guilty to aggravated robbery, a Class B felony, and to voluntary manslaughter, a Class C felony. Pursuant to a negotiated plea agreement, he was sentenced to serve fifteen years as a Range I offender for the aggravated robbery conviction, and fifteen years as a Range III persistent offender for the voluntary manslaughter conviction. On appeal from the dismissal of his habeas corpus petition, petitioner maintained that his sentences were illegal because, (1) concerning the aggravated robbery conviction, the maximum sentence for a Range I offender of a Class B felony was twelve years, and the sentence imposed upon him was fifteen years; and (2) concerning the voluntary manslaughter conviction, he did not have the necessary prior convictions to permit a sentence as a Range III, persistent offender.

This Court relied upon the decisions in *Hicks* and *McConnell*, and affirmed the trial court's dismissal of the petition for habeas corpus relief. In doing so, we held,

> In the present case, the petitioner negotiated his plea agreement using the terms of the 1989 Act and, therefore, the mixing of the length of incarceration and the release eligibility status is permissible under *Hicks*. Thus, the petitioner's judgment reflects a guilty plea and a hybrid sentence, which do not contravene the 1989 Sentencing Act.

*Id*. at 135-36.

Pursuant to the holdings of the supreme court and our Court in *Hicks*, *McConnell*, and *Bland*, Petitioner's "Range I" sixty-year sentence of incarceration with a thirty-five percent release eligibility date, which was the result of a negotiated plea agreement, does not contravene the 1989 Sentencing Act, and is a valid judgment. Thus, Petitioner is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court dismissing the petition for writ of habeas corpus relief.

_____
THOMAS T. WOODALL, JUDGE