IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## HAROLD OLIVER McGEE v. STATE OF TENNESSEE

**Criminal Court for Davidson County**
**No. 2000-A-344**

---

**No. M2009-00156-CCA-R3-PC - Filed August 25, 2009**

---

The Appellant appeals the trial court's dismissal of his petition for post conviction relief. The Appellant filed his petition outside the statute of limitations. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, delivered the opinion of the court, in which JERRY L. SMITH, and ROBERT W. WEDEMEYER, J.J., joined.

Harold Oliver McGee, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant pled guilty to these drug related charges in January of 2001. He was sentenced to an agreed forty years in prison. The Appellant filed the instant petition for post-conviction relief on October 10, 2008. The trial court concluded that the petition was filed beyond the statute of limitations and summarily dismissed the same. The Appellant appealed. The State filed a motion to affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20. The Court finds this motion to be well-taken.

The Appellant's post-conviction petition is clearly barred by the statute of limitations. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of final judgment. The Appellant filed his petition well over seven years after the entry of his guilty pleas. The Post-Conviction Procedure Act enumerates few exceptions to this one year time limit. See Tenn. Code Ann. § 40-30-102(b). In order to qualify, the claim in the petition must be based upon a new rule of constitutional law requiring retrospective application, must be based upon new scientific evidence establishing actual

innocence, or must assert relief from sentences which were enhanced because of a previous conviction that has subsequently found to be illegal. Id.

Prior to the guilty pleas in this case, the Appellant pled guilty to other drug related charges in 1998. After serving six months, the Appellant was placed on community corrections which was ultimately revoked based upon the charges in this case. The Appellant subsequently challenged both the 1998 and 2001 convictions in a habeas corpus petition. This Court agreed with the trial court that the concurrent sentences imposed in the 1998 cases were illegal because the Appellant was released on bond at the time of the commission of the crimes. Harold Oliver McGee v. State, No. M2005-00944-CCA-R3-HC, 2006 WL 3337141 (Tenn. Crim. App., Nov. 17, 2006). However, this Court disagreed with the trial court regarding the 2001 cases and reversed the grant of habeas relief with respect to those. Id. The Court stated that the proper way to challenge those guilty pleas was through a post-conviction action, but also noted that the statute of limitations already expired. Id.

Contrary to the Appellant's contention, the last exception to the statute of limitations bar does not apply in this case. If a previous conviction is later invalidated, and that conviction was used to enhance the sentence in the case which is the subject of the post-conviction action, then a petitioner has one year from date the previous conviction is invalidated in which to file the petition. Tenn. Code Ann. § 40-30-102(b)(3). However, the act specifically excludes from this exception cases in which a petitioner pled guilty to an agreed sentence. Id. The Appellant agreed to the sentences for which he pled guilty in 2001. Thus, he cannot benefit from this exception. Moreover, as we observed in the Appellant's habeas corpus appeal, "offender classifications 'are non-jurisdictional and legitimate bargaining tools in plea negotiations.'" McGee, supra (quoting Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002)). See also Wallen v. State, 863 S.W.2d 34, 38-39 (Tenn. 1993) ("In this case, the petitioner, with full knowledge of his rights, voluntarily took the benefits of the plea bargain. In accepting those benefits . . . he waived any irregularity or defect in the proceedings, including the possibility that the prior convictions used to enhance his punishment might be set aside."). Therefore, there are no due process concerns concerning the application of the statute of limitations in this case.

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Rule 20.

_____
DAVID H. WELLES, JUDGE

2