IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2015

## STATE OF TENNESSEE v. KASSY JANIKOWSKI

**Appeal from the Criminal Court for Shelby County**
**No. 98-08052     Carolyn Wade Blackett, Judge**

---

**No. W2014-02107-CCA-R3-CD  -  Filed June 29, 2015**

---

The Defendant, Kassy Janikowski, pleaded guilty to second degree murder, and agreed to a sentence of thirty years, to be served at 100%. The Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed. On appeal, the Defendant contends that the trial court erred when it dismissed her motion because her sentence contravenes the Tennessee Criminal Sentencing Reform Act of 1989. After review, and for the reasons stated below, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ. joined.

Kassy Janikowski, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Jerry Kitchen and Reginald Henderson, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the robbery and murder of the victim, James Meeks, Jr., which occurred on February 26, 1998. A Shelby County grand jury indicted the Defendant, along with two co-defendants, for one count of premeditated first degree murder and one count of first degree felony murder during the perpetration of a robbery.

On August 7, 2000, the Defendant pleaded guilty to one count of second degree murder. She attached a copy of the transcript from the guilty plea hearing as an exhibit to her motion that is the subject of this appeal. During the guilty plea hearing, the State informed the trial court that, in accordance with the plea agreement, it recommended a sentence of thirty years, to be served at 100%. It then informed the trial court that had the case gone to trial, the State would have presented the following evidence:

> [O]n or about February 26th of 1998 at approximately 4:30 p.m., the defendants, along with a Robert Cummins had made previous arrangements with a James Meeks, Jr., to purchase some marijuana at Mega Market at Shelby Drive and Feronia, located here in Shelby County, Tennessee.
>
> As a result of this arrangement, plans had been initiated by these defendants to rob Mr. Meeks of his marijuana and other drugs. Subsequently, a pistol was produced by Robert Cummins, who the Court will recall has already previously been tried and convicted of first degree murder during the perpetration of a robbery.
>
> He produced a pistol. As a result of that, the victim, Mr. Meeks, was shot one time in the back of the head. After this occurred, [the Defendant] drove the victim, as well as his vehicle to DeSoto County where the body was discarded and subsequently found by DeSoto County Sheriff Deputies.
>
> The defendants were arrested. Robert Cummins gave a statement of admission to being the shooter. Witnesses would have testified that both these defendants had been making plans of participating in this robbery.

The Defendant's attorney stipulated that those facts were what would have been presented had the case gone to trial and asked the trial court to accept the Defendant's guilty plea.

The Defendant then testified that she had discussed the guilty plea with her attorney and that she understood the rights she was waiving by pleading guilty. She acknowledged understanding that, if she was convicted of first degree murder, she could be sentenced to between fifteen and sixty years. She understood her possible defenses, the proposed testimony of the witnesses, and that she had a right to go to trial. She, however, chose to waive that right in favor of the plea agreement. The trial court ensured that the Defendant understood that she was "agreeing to [a sentence of] confinement for 30 years at the Tennessee Department of Correction as a violent offender, which means that there is no parole eligibility." The trial court accepted the Defendant's guilty plea.

On January 9, 2008, the Defendant filed a *pro se* petition for habeas corpus relief in Shelby County Criminal Court. The Defendant contended that she had received the ineffective assistance of counsel, that her plea was not voluntary, and that her sentence was illegal because it was outside the range prescribed for the offense. The habeas corpus court dismissed her petition. On appeal, this Court affirmed the habeas corpus court's judgment. *Kassy Janikowski v. Dwight Barbee, Warden*, No W2008-01908-CCA-R3-HC, 2009 WL 902156, at *1 (Tenn. Crim. App., at Jackson, Apr. 2, 2009), *no Tenn. R. App. P. 11 application filed*. We stated that a petitioner is not entitled to habeas relief on issues regarding an offender's range classification because the issue is non-jurisdictional and is a proper basis for plea negotiations. *Id*. at *2; *see Bland v. Dukes*, 97 S.W.3d 133, 136 (Tenn. Crim. App. 2002).

On September 3, 2014, the Defendant then filed a *pro se* motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In it, she stated that her "Range I offender classification was not a subject of the plea negotiations and was not waived as a condition of the plea bargain." She noted that her applicable sentencing range had a maximum of a twenty-five year sentence, making her thirty year sentence "illegal." The trial court summarily dismissed this motion, and the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it summarily dismissed her petition because neither the plea agreement nor the plea allocution outlined her range of sentences. She also contends that she pleaded out of range. This, she says, rendered the plea agreement "null and void due to [her] not knowingly and understandingly comprehending the ramifications and impact of the sentences." The State responds that the transcript of the guilty plea hearing reflects that the Defendant agreed to and received a sentence of thirty years; therefore, she failed to assert a colorable claim that her sentence is illegal.

Tennessee Rule of Criminal Procedure 36.1 provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that

3

the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

Rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App., at Knoxville, June 17, 2014), *no Tenn. R. App. P. 11 application filed*. As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. This Court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [defendant], would entitle [defendant] to relief." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (brackets and alterations in original), *no Tenn. R. App. P. 11 application filed*.

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED) ] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted). The Defendant's challenge to the sentence for her second-degree murder conviction does not fall under any of these examples.

Rather, the Defendant argues that her sentence is illegal because the sentencing court erred in ordering a sentence that was five years beyond the maximum in her sentencing range. Our courts have long-recognized "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations," which "are properly characterized as non-jurisdictional." *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (emphasis added); *see also State v. Mahler*, 735 S.W.2d 226, 227-28 (Tenn. 1987) (upholding the defendant's guilty plea as a Range II aggravated offender even though his prior criminal record did not justify a Range II classification).

4

The record reflects that the Defendant was initially charged with first degree felony murder, but she entered a guilty plea to a reduced charge of second degree murder. In exchange, the Defendant agreed to be sentenced out-of-range to thirty years. The trial court acted within its jurisdiction when sentencing the Defendant, and she has not presented a colorable claim that her sentence is illegal. The Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE