

FILED

05/08/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. JAYMES HARRISON

**Appeal from the Circuit Court for Marion County**
**No. 8929     Thomas W. Graham, Judge**



### No. M2016-01875-CCA-R3-CD

The Appellant, Jaymes Harrison, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ. joined.

Jaymes Harrison, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The record on appeal before us reflects that in October 2011 the Appellant pleaded guilty to aggravated sexual battery and was sentenced to twelve years of imprisonment as a standard Range I offender to be served at 100%. An amended judgment was subsequently entered to correct a clerical mistake. Sometime in 2016, the Appellant filed a motion to correct an alleged illegal sentence. *See* Tenn. R. Crim. P. 36.1. The record on appeal does not include a copy of the motion. However, the trial court summarily denied the motion on August 29, 2016. The Appellant timely filed notice of appeal. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, said motion is hereby granted.

Again, the Court notes that the record on appeal does not include a copy of the motion filed by the Appellant below. Nor does it contain a copy of the guilty plea.

Nevertheless, the Court possesses sufficient information to issue a ruling on the merits. The gist of the Appellant's argument regarding the validity of his sentence is that he should not have been sentenced at the high end of the applicable sentencing range because he had no qualifying prior convictions. The Appellant was charged with rape of a child, a Class A felony; he pleaded guilty to aggravated sexual battery, a Class B felony. Tenn. Code Ann. §§ 39-13-522; 39-13-504. The sentencing range for a standard Range I offender for a Class B felony is not less than eight (8) nor more than twelve (12) years. Tenn. Code Ann. § 40-35-112(a)(2).

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

An appellant and the State may negotiate offender classifications, and even release eligibility, because they "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). The current case is an obvious situation where the Appellant entered into an agreement to reduce his exposure for a conviction for rape of a child from a possible sentence range of fifteen to twenty-five years to be served at 100% to an agreed twelve-year sentence to be served at 100%. Again, our courts have long-recognized "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations" which "are properly characterized as *non-jurisdictional*." *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (emphasis added). As the trial court correctly held, the Appellant's sentence was entered pursuant to an agreed plea and it is not illegal under Rule 36.1 because it is

specifically authorized by statute. *See* Tenn. Code Ann. §§ 40-35-112(a)(2); 40-35-501(i)(1).

The Appellant's attacks against the indictment and any other challenges to the validity of his guilty plea or the effectiveness of his representation are insufficient to state a colorable claim for relief in a Rule 36.1 motion. As this Court has emphasized, Rule 36.1 "provide[s] an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622 (Tenn. Crim. App., Mar. 31, 2014), *perm. to app. denied*, (Tenn., Nov. 19, 2014) (emphases in original).

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE