IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. TIMOTHY J. HICKMAN

**Appeal from the Criminal Court for Davidson County**
**No. 94-A-59     Cheryl Blackburn, Judge**

_____

### No. M2017-00836-CCA-R3-CD

_____

The Appellant, Timothy J. Hickman, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ. joined.

Timothy J. Hickman, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1994, the Appellant pled guilty to two counts of aggravated rape and one count of aggravated robbery. He agreed to consecutive twenty-year sentences for the aggravated rape convictions and ten years for the aggravated robbery conviction to be served concurrently to the consecutive twenty-year sentences for a total effective sentence of forty years. There was no direct appeal. The Appellant was unsuccessful with his subsequent post-conviction attempt to challenge the voluntariness of his plea. *Timothy John Hickman v. State*, No. 01C01-9711-CR-00527, 1998 WL 305505 (Tenn. Crim. App. June 11, 1998). Similarly, he failed in his pursuit of habeas corpus relief. *Timothy Hickman v. Howard Carlton, Warden*, No. E2006-00860-CCA-R3-HC, 2006 WL 2567511 (Tenn. Crim. App. Sep. 7, 2006). In 2015, the Appellant filed a motion to

correct an alleged illegal sentence. *See* Tenn. R. Crim. P. 36.1. The trial court summarily denied the motion. The Appellant now appeals. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

In the motion he filed in the trial court, the Appellant argued his consecutive twenty-year sentences are illegal because the trial court "failed to make and/or articulate any specific findings that the imposition of consecutive sentencing was warranted." Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the uniform judgment document), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

The trial court did not err in summarily dismissing the Appellant's motion in this case. As the State aptly observes, "offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in pleas negotiations." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). Moreover, "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). The Appellant pled guilty to two counts of aggravated rape, a Class A felony, and his twenty-year sentence for each conviction as a Range I offender was specifically authorized by statute. Tenn. Code Ann. § 40-35-112(a)(1) (1997 Repl.). And because he agreed to consecutive sentencing, the trial court was not required to make any findings thereon. *State v. John T. Davis*, No.

W2015-00445-CCA-R3-CD, 2016 WL 1714875 at *3 (Tenn. Crim. App. Apr. 26, 2016). Accordingly, his sentence is not illegal under the terms of Rule 36.1.

The ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT L. HOLLOWAY, JR., JUDGE