IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. JENALINE N. FISHER**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1791     Cheryl Blackburn, Judge**

**No. M2017-02223-CCA-R3-CD**

The Appellant, Jenaline Fisher, is appealing the trial court's denial of her motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ. joined.

Jenaline Fisher, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In March 2004, the Appellant pleaded guilty to the lesser included offense of second degree murder in one count of a three-count indictment. The remaining counts were dismissed as part of the plea agreement, as were several other charges. The Appellant agreed to an out-of-range sentence of thirty years to be served at 100% as a violent offender. There was no direct appeal. The Appellant was unsuccessful with her subsequent post-conviction attempt to challenge the voluntariness of her plea. *Jenaline N. Fisher v. State*, No. M2005-02651-CCA-R3-PC, 2006 WL 2716872 (Tenn. Crim. App. Sep. 25, 2006), *perm. app. denied* (Tenn. Dec. 18, 2006). She also failed in her pursuit of habeas corpus relief in 2007. No appeal was taken therefrom. In September 2017, the Appellant filed a motion to correct an alleged illegal sentence. *See* Tenn. R.

Crim. P. 36.1. The trial court summarily denied the motion. The Appellant now appeals. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

In the motion the Appellant filed in the trial court, she argued that her guilty plea was not made knowingly, voluntarily and intelligently. She also claimed that her sentence is illegal. The trial court ruled that the Appellant's challenge to the voluntariness of her plea was previously litigated and otherwise was not a cognizable claim for relief pursuant to Rule 36.1. As to the validity of her sentence, the court held it was within the appropriate range for the offense class and that the Appellant waived any irregularity as to offender classification or release eligibility by entering into a knowing and voluntary plea.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

A defendant and the State may negotiate offender classifications, and even release eligibility, because they "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). The current case is an obvious situation where the Appellant entered into an agreement to reduce her exposure to the possibility of convictions for first degree murder and especially aggravated robbery, as well as

possible convictions on two other charges of felony vandalism and simple assault. Again, our courts have long-recognized "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations" which "are properly characterized as *non-jurisdictional*." *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (emphasis added). Moreover, "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Here, the Appellant pled guilty to second degree murder, a Class A felony punishable up to sixty years. Tenn. Code Ann. § 40-35-111(b). As a Range II offender, the Appellant could have been sentenced between twenty-five and forty years. Tenn. Code Ann. § 40-35-112(b). As the trial court correctly found, the Appellant's sentence of thirty years does not exceed the maximum sentence authorized for a Class A felony. Moreover, because she agreed to the sentence, the trial court was not required to make any findings thereon. *State v. John T. Davis*, No. W2015-00445-CCA-R3-CD, 2016 WL 1714875 at *3 (Tenn. Crim. App. Apr. 26, 2016).

The Appellant's challenge to the voluntariness of her guilty plea has previously been determined and does not otherwise state a colorable claim for relief in a Rule 36.1 motion. As this Court has emphasized, Rule 36.1 "provide[s] an avenue for correcting allegedly illegal *sentences*. The Rules does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622 (Tenn. Crim. App., Mar. 31, 2014), *perm. app. denied*, (Tenn., Nov. 19, 2014) (emphases in original).

In light of the discussion above, we conclude the Appellant's sentence is not illegal under the terms of Rule 36.1. Accordingly, the trial court did not err in summarily denying relief. The ruling of the trial court is therefore affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE