IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 25, 2006

## LEONARD MASONET v. KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13704      Stella Hargrove, Judge**

---

**No. M2005-01327-CCA-R3-HC - Filed February 9, 2006**

---

Petitioner, Leonard Masonet, filed a *pro se* petition for writ of habeas corpus alleging that the length of his sentence contravened the Criminal Sentencing Reform Act of 1989 and was therefore void. The trial court summarily denied the petition without an evidentiary hearing, and Petitioner now appeals. After a review of the record, we affirm the trial court's dismissal of Petitioner's petition for writ of habeas corpus.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Leonard Masonet, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Petitioner was indicted for aggravated kidnapping. He entered a plea of guilty to the lesser included offense of kidnapping, a Class C felony, and was classified as a Range I, standard offender. The potential sentence for a Range I, standard offender, convicted of a Class C felony is three to six years. T.C.A § 40-35-112(a)(3). As part of the plea agreement, however, Petitioner agreed to a sentence of twelve years, (which is a Range III sentence), as a Range I standard offender. *See id.* § 40-35-112(c)(3).

Petitioner filed a *pro se* petition for writ of habeas corpus challenging the legality of the length of his sentence. Petitioner argues that his sentencing judgment is void on its face because the sentence of twelve years is outside the sentencing range applicable to a Range I, standard offender convicted of a Class C felony, and he does not have sufficient prior felonies to qualify as a Range III, persistent offender. Accordingly, Petitioner argues that the trial court erred in dismissing his petition without an evidentiary hearing.

Habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or when a defendant's sentence has expired, and the defendant is being illegally restrained. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Johns v. Bowlen*, 942 S.W.2d 544, 546 (Tenn. Crim. App. 1996.) A sentence that directly contravenes a statute is illegal and thus void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). In order to prevail, the petitioner must show that the illegality of the sentence is apparent from "the face of the judgment or the record of the proceedings upon which the judgment is entered." *Id*.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the petitioner's sentence has expired. *Passerella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

Offender classification and release eligibility dates "are non-jurisdictional and legitimate bargaining tools in plea negotiation under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2003) (citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000)). In *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997), the petitioner pled guilty to voluntary manslaughter, a Class C felony, and agreed to a hybrid sentence involving a Range II length of incarceration (ten years) as a Range I standard offender. The court concluded that the hybrid sentence was permissible under the 1989 Sentencing Act, holding that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id*.

In the case *sub judice*, Petitioner negotiated his plea agreement under the 1989 Sentencing Act, and he agreed to a hybrid sentence with a Range III length of incarceration of twelve years and a Range I release eligibility date, which is permissible under *Hicks*. The statutory range of a Class C felony sentence is not less than three years nor more than fifteen years. T.C.A. § 40-35-111(b)(3). Thus, Petitioner's sentencing judgment, on its face, does not contravene the 1989 Sentencing Act. It is permissible for a trial court to summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the petitioner's conviction is void. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the trial court may summarily dismiss the petition without the appointment of counsel if the petition does not set forth any facts supporting issuance of the writ. *Randy L. May v. Kevin Myers, Warden*, No. M2004-01957-CCA-R3-HC, 2005 WL 1931406, *1 (Tenn. Crim. App., at Nashville, Aug. 10, 2005), *no perm. to appeal filed* (citing *Randall Carver v. State*, No. M2002-02891-CCA-R3-CO, 2003 WL 21145572, *3 (Tenn. Crim. App., at Nashville, May 16, 2003), *no perm. to appeal filed*. The trial court in the instant case properly dismissed Petitioner's petition for writ of habeas corpus. Petitioner is not entitled to relief on this issue.

## CONCLUSION

After review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE