IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 27, 2007

## GUILLERMO MATIAS JUAN v. VIRGINIA LEWIS, WARDEN, AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 64-2006    Buddy D. Perry, Judge**

No. E2006-02672-CCA-R3-HC - Filed May 29, 2008

The petitioner, Guillermo Matias Juan, pled guilty in the Hamilton County Criminal Court to second degree murder and received a sentence of sixty years incarceration in the Tennessee Department of Correction. Thereafter, the petitioner filed a petition for habeas corpus relief, alleging that his sentence was void because he did not have the requisite criminal history to qualify as a persistent offender. The habeas corpus court denied the petition, and the petitioner appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Guillermo Matias Juan, Pikeville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The petitioner was originally indicted by the Hamilton County Grand Jury for first degree premeditated murder, felony murder, aggravated burglary, and theft. Thereafter, the petitioner pled guilty to the lesser-included offense of second degree murder, and the remaining charges were dismissed. Pursuant to the plea agreement, the petitioner was sentenced as a Range III persistent offender to sixty years with forty-five percent of the sentence to be served in confinement before the petitioner became eligible for release.

Subsequently, the petitioner filed a petition for post-conviction relief, which petition was dismissed as untimely. On appeal, this court affirmed the dismissal. See Guillermo Matiaz Juan v.

State, No. 03C01-9708-CR-00318, 1999 WL 76453, at *1 (Tenn. Crim. App. at Knoxville, Feb. 18, 1999). Thereafter, the petitioner filed a pro se "Motion to Correct Illegal Sentence," basically alleging that his guilty plea was not knowingly and voluntarily entered and that second degree murder was not a lesser-included offense of any of the charged offenses. The motion was denied, and this court affirmed the denial. State v. Guillermo Matias Juan, No. 03C01-9812-CR-00443, 1999 WL 642926, at *1 (Tenn. Crim. App. at Knoxville, Aug. 25, 1999).

Next, the petitioner repeatedly pursued habeas corpus relief. Specifically, on November 4, 2006, the petitioner filed a petition for a writ of habeas corpus, alleging that he was denied due process because the court-appointed interpreter spoke only Spanish, not the petitioner's native tongue of "Conjubal, a Mayan Indian dialect." The petitioner argued that because of "translator incompetence," he did not knowingly and voluntarily plead guilty. The habeas corpus court denied the petition, finding that the petitioner's allegations would at best render his conviction voidable, not void.

Thereafter, on June 14, 2007, the petitioner filed another habeas corpus petition, arguing that "the Court was without jurisdiction to sentence the petitioner as a 'persistent offender,' because the petitioner had no previous record as mandated [by statute]." The habeas corpus court denied the petition, stating:

> This is Petitioner's fourth petition seeking habeas corpus relief in this court. In each of his three previous petitions, the Petitioner has challenged his sentencing by the trial court as a persistent offender. This court has repeatedly held that the Petitioner's claim, even if true, would merely make the judgment voidable, not void.

Moreover, the habeas corpus court found that the proper avenue for relief would have been the Post-Conviction Procedure Act; however, the statute of limitation to file such a petition had already expired.

The petitioner timely appealed the denial of this 2006 habeas corpus petition and his 2007 petition. At the petitioner's request, the appeals were consolidated. On appeal, the petitioner argues only that his sentence is illegal because the trial court had no authority to sentence him as a persistent offender when he had no prior criminal history.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek

habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

On appeal, the petitioner maintains that because he had no prior convictions, the trial court erroneously classified him as a Range III persistent offender. The petitioner acknowledges that he pled guilty to second degree murder, a lesser-included offense of the charged offense of first degree murder, in exchange for a sentence of sixty years as a Range III persistent offender. Further, the transcript of the petitioner's plea hearing clearly reflects that the petitioner entered the guilty plea even after the trial court stated:

> And the Court knows that he really is only a range 1 offender, meaning that he has no prior felonies that the State could prove.
>
> As a range 1 offender, the Court would have had to set his punishment at 15 years to 25 years, but through negotiation between his attorneys and the attorney for the State, in getting the State to agree to reduce it from first degree murder, he's agreed that he is a range 3 offender, where the, where he has to serve 45 percent of the sentence rather than 30 percent of 60 years.

This court has previously stated that offender classifications "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). As such, even though a defendant qualifies as only a Range I offender, that defendant may validly receive a Range II multiple offender or Range III persistent offender sentence under a plea bargain as long as the plea was knowing and voluntary. See Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). Moreover, "a knowing and voluntary guilty plea waives any irregularity as to offender classification and release eligibility." Id.; see also McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). Accordingly, the sentence the petitioner agreed to and ultimately received is not illegal. Thus, the petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____

NORMA McGEE OGLE, JUDGE