IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

## REGINALD ALMO v. HENRY STEWARD, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6266     Joseph H. Walker, III, Judge**

_____

**No. W2008-02524-CCA-R3-HC  - Filed August 6, 2009**

_____

The petitioner, Reginald Almo, appeals pro se the dismissal of his petition for habeas corpus relief in the Lauderdale County Circuit Court from his conviction for second degree murder, a Class A felony. The petitioner alleged that: counsel provided ineffective assistance of counsel; his guilty plea was entered unknowingly and unintelligently; and he was sentenced outside of his range. The habeas corpus court determined that his claims of ineffective assistance of counsel were not cognizable claims for relief in a habeas corpus proceeding and that his sentencing issue had previously been determined. After careful review, we affirm the dismissal of the petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ, joined.

Reginald Almo, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The pro se petitioner was indicted in 1994, for first degree murder in Shelby County. He was convicted on July 10, 1995, after entering a plea of guilty to second degree murder, and was sentenced to forty-five years as a Range III offender. On September 17, 2008, the petitioner filed a pro se petition for habeas corpus relief. His initial filing contained the complaints of ineffective assistance of counsel. He filed an addendum argument contending that he was sentenced outside of his range. On September 25, 2008, the habeas corpus court denied the petition for writ of habeas corpus.

Analysis

The petitioner has previously applied for habeas corpus relief, raising the issue of his sentencing. This court has previously determined that the petitioner was not sentenced illegally:

> Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (*citing McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997)). The remaining claims raised by [the p]etitioner, if proven, would result in voidable, not void, judgments. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Thus, these claims are not cognizable in a habeas corpus proceeding. [The p]etitioner did not . . . state a viable ground for habeas relief; therefore, the lower court was correct in treating the petition as one for post-conviction relief.

*Reginald L. Almo v. State*, No. W2003-02559-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 510, at **6-7 (Tenn. Crim. App. at Jackson, May 25, 2005). For this reason, the habeas corpus court properly determined that the petitioner's claim that he was sentenced outside his range had been previously determined. The petitioner is not entitled to relief on this issue.

Next, the petitioner contends that counsel was ineffective, which prevented him from entering a knowing and voluntary plea of guilty. Specifically, he argued that counsel was ineffective because he failed to advise the petitioner that another person had entered a plea of guilty as the killer and that counsel "coerced" him into entering a plea of guilty. He also argues that counsel was ineffective because he did not secure a mental evaluation for the petitioner.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (*quoting State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required, and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted).

When a prisoner contends that he was denied the constitutional right to the effective assistance of counsel, the judgment is voidable, not void, unless the face of the record establishes that the trial court did not have jurisdiction of his person, the criminal offense of which he stands convicted, or the authority to make the judgment attacked. *Passarella v. State*, 891 S.W.2d at 627.

The underlying judgment is not void on its face.  Here, the petitioner has not carried his burden of establishing that the judgment was void because he has not demonstrated that the trial court lacked jurisdiction or authority.  Therefore, we affirm the dismissal of the petition for habeas corpus relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the dismissal of the petition for habeas corpus relief.

_____
JOHN EVERETT WILLIAMS, JUDGE