# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## WALTER D. STARNES v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 06-CR-8845    R. Lee Moore, Judge**

---

**No. W2006-01634-CCA-R3-HC  - Filed December 8, 2006**

---

The Petitioner, Walter D. Starnes, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

Walter D. Starnes, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On September 3, 1993, Petitioner Walter D. Starnes entered guilty pleas to one count of especially aggravated robbery and one count of criminal attempt to commit first degree murder, both class A felonies.  For these offenses, the Petitioner received consecutive sentences of twenty years

for an effective total sentence of forty years confinement as a range I offender in the Department of Correction. The Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

On July 6, 2006, the Petitioner filed a petition for writ of habeas corpus relief in the Lake County Circuit Court. As grounds for relief, Petitioner alleged that he was coerced into entering guilty pleas, his mental health evaluation regarding his competency to stand trial deprived the court of personal and subject matter jurisdiction and he was illegally sentenced as a range I offender when legally he is "at best . . . a range II offender." On July 26, 2006, the trial court denied habeas corpus relief. In denying relief, the trial court entered the following findings of facts and conclusions of law:

> . . .[P]etitioner states that he was at least a Multiple Range II offender at the time of sentencing, and he was sentenced as a Range I offender. He states . . . that he was offered the forty (40) year effective sentence, but threatened with thirty (30) to one hundred twenty (120) years . . . if he did not enter this plea. He also states that he was told that he would receive a minimum of eighty-one (81) years and a maximum of three hundred fifteen (315) years if he went to trial . . . .
>
> The plea form . . . shows that he plead guilty to one count of especially aggravated robbery, one count of criminal attempt to commit first degree murder and that he was sentenced to twenty (20) years on both counts with the sentences to run consecutively. . . . The judgments show both of the offenses to which the plea was entered are Class A felonies and that the pleas were entered as a Standard Range I offender.
>
> Both especially aggravated robbery and attempt to commit first degree murder are Class A felonies. Both offenses carry a range of punishment of fifteen (15) to twenty-five (25) years as a Range I offender. Even if petitioner were a Range II . . . . offender . . . it is not an illegal sentence for him to enter a plea as a range I offender. The sentence is not illegal and the Court had jurisdiction to sentence the defendant as he was sentenced. The other issues raised in the petition are not proper subjects for Habeas Corpus Relief. Even if these allegations are true, they would only make the judgments voidable rather than void. The sentence is not void nor has it expired.

Petitioner timely filed a notice of appeal document on August 1, 2006.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.2d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). A sentence that directly

contravenes a statute is illegal and thus void. *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn. 2000). In order to prevail, the petitioner must show that the illegality of the sentence is apparent from "the face of the judgment or the record of the proceedings upon which the judgment is entered." *Id.*

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the petitioner's sentence has expired. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App.1994). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness. *Hart v. State,* 21 S.W.3d 901, 903 (Tenn.2000).

. The Petitioner received sentences of twenty years as a range I offender for class A felonies. A range I sentence for a class A felony is between fifteen and twenty-five years. Nothing in the pleadings indicate that the Petitioner was a range II offender and the sentence ultimately imposed is legal. Notwithstanding, even if the Petitioner is a range II offender, the sentences are not illegal. Offender classification and release eligibility dates "are non-jurisdictional and legitimate bargaining tools in plea negotiation under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2003) (citing *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000)).

The Petitioner's remaining allegations, *i.e.*, his pleas were not voluntarily entered and that he was not competent to stand trial, would render the judgments voidable, not void. Such claims are not cognizable in a habeas corpus proceeding and should be addressed in post-conviction proceedings. The petition, if treated as one for post-conviction relief, is time-barred.

For the reasons stated herein, we conclude that the trial court did not err in dismissing the petition for habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE