IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2006

**COREY D. ANDERSON v. TONY PARKER, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6066      Joseph H. Walker, III, Judge**

---

**No. W2006-01710-CCA-R3-HC  - Filed February 8, 2007**

---

The Appellant, Corey D. Anderson, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus. In 1995, Anderson pled guilty to two counts of delivery of a controlled substance and received concurrent eight-year suspended sentences. In 1999, Anderson pled guilty to second degree murder, attempted especially aggravated robbery, and felon in possession of a handgun. As a result of these convictions, he received concurrent sentences of thirty-five years for second degree murder, thirteen years for especially aggravated robbery, and two years for felon in possession of a handgun. Anderson was sentenced as a Range II offender for each of the three imposed sentences, with the sentence for second degree murder to be served at 100% as a violent offender. The sentences imposed in 1999 were ordered to be served consecutively to the 1995 sentences. He is presently incarcerated in the West Tennessee State Prison. On appeal, Anderson asserts that the trial court erred in summarily dismissing his petition because he contends that his 1999 guilty pleas and resulting sentences were illegal, "as well as void," as they were imposed outside the appropriate sentence range. Additionally, he argues that the trial court erred by failing to address his claim that his 1995 sentences for delivery of controlled substances had expired. After review, we affirm the judgment of the Lauderdale County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Corey D. Anderson, *Pro Se*, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

In August 1995, the Appellant pled guilty in Fayette County Circuit Court case number 4153 to two counts of delivering .5 grams or more of a Schedule II controlled substance and was subsequently sentenced to an effective eight-year suspended sentence. In January 1999, the Appellant pled guilty in Fayette County Circuit Court case number 4476 to second degree murder, attempted especially aggravated robbery, and felon in possession of a handgun. The trial court imposed the following Range II sentences: (1) thirty-five years for second degree murder with service of 100%; (2) thirteen years for attempted especially aggravated robbery; and (3) two years for felon in possession of a handgun. The court further ordered that the three sentences be served concurrently to each other for an effective thirty-five year sentence. However, the court ordered that the sentences be served consecutively to the eight-year suspended sentences in case number 4153, which, according to the Appellant, were revoked as a result of the subsequent convictions.

On June 16, 2006, the Appellant filed a *pro se* petition for writ of habeas corpus in the Lauderdale County Circuit Court challenging the validity of the Fayette County Circuit Court's judgments in the above two cases. As grounds for relief, the Appellant asserted that: (1) the sentences in case 4476 are illegal and void because they were "unknowingly accepted" and because they "imposed a greater sentence than that allowed by statute under [the] 1989 Sentencing Act;" and (2) the sentences in case 4153 have "expired due to [the] denial of [a] revocation hearing." The trial court summarily dismissed the Appellant's habeas corpus petition finding that no ground alleged would entitle the Appellant to relief. This appeal followed.

**Analysis**

On appeal, the Appellant asserts that the trial court erred in summarily dismissing his petition for writ of habeas corpus and in not reviewing the merits of his expired sentence issue. The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* at 20 (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant . . . ." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner in a habeas corpus proceeding has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required, and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2003); *Dixon v. Holland*, 70 S.W.3d 33, 36

(Tenn. 2002)).  The determination of whether habeas corpus relief should be granted is a question of law which this court reviews *de novo*.  *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

First, with regard to the claim of an illegal sentence, the Appellant argues that "[t]he fact that the sentencing court did not make petitioner <u>aware</u> as to he was being sentence[d] outside his range, mak[es] the guilty plea illegal as well as void."  According to the Appellant, "[a]n illegal sentence was established the moment the petitioner was sentenced by the Court outside of his range, without appropriate priors as well as, the pre-sentencing collaboration between defense attorney and, State's prosecutor failure to disclose the illegal sentence to the petitioner."  In dismissing the petition, the court found "that the [Appellant's] sentence has not expired, the sentence was lawful, and that the Court had jurisdiction.  No grounds are alleged in the petition which would otherwise entitle [the Appellant] to a hearing."

Our review reveals that the Appellant's assertions must fail upon multiple grounds.  Initially, the Appellant appears to be arguing that his sentences are illegal because his guilty pleas were involuntarily entered.  However, a claim that a guilty plea was not voluntarily entered, even if proven, merely renders a judgment voidable, not void.  *Archer*, 851 S.W.2d at 164.  Thus, habeas corpus relief is not appropriate, as post-conviction relief is the procedural avenue for attacking voidable judgments.  *Hickman*, 153 S.W.3d at 20.

Moreover, we are constrained to note that the three 1999 judgments of conviction which are challenged do not reflect upon their face that the respective sentences are illegal.  The length of sentences imposed for the three convictions in case number 4476 are well within the applicable range for a Range II offender.  *See* T.C.A. § 40-35-112(b) (2003); *see also Shaun Hoover v. State*, No. W2005-01921-SC-R11-HC (Tenn., Jan. 23, 2007).  Thus, we are unable to conclude that the Appellant is being held pursuant to an illegal sentence as there is nothing which appears on the face of the judgment or the record of the proceedings which indicates that the Appellant's sentences are illegal or void.

Though not entirely clear, the Appellant's argument appears to recognize that the sentences themselves are not illegal; rather, his argument appears to be a challenge to the fact that he received Range II sentences when he only qualified for Range I sentencing.  He acknowledges, as did the trial court, that a defendant and the State may negotiate offender classifications, as well as release eligibility, because they "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989."  *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000)); *see also State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987).  Moreover, as noted, this court has specifically held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility."  *Bland*, 97 S.W.3d at 135.  However, the Appellant is correct in his assertion that the defendant, prior to accepting a negotiated sentence of this type, must be informed that he is in fact pleading outside the appropriate range in order for the plea to be knowing and voluntary.

As noted, the Appellant now appears to assert that he only qualified as a Range I offender and that he was not informed that the sentences he received as part of the plea agreement were Range II sentences. However, the Appellant has failed to include copies of his guilty plea agreements, transcripts of his guilty plea hearings, and, if applicable, any notice of intent to seek enhanced punishment. It is an appellant's obligation to prepare a record which will allow for meaningful review on appeal. Tenn. R. App. P. 24(b). These documents and transcripts are critical to our review of the issues presented. We note that the Appellant requested copies of the transcripts of the guilty plea hearings in his two cases on July 12, 2005, by filing a "Motion To Obtain Transcript" in the Fayette County Circuit Court. The record reflects, however, that no order was ever entered on the Appellant's motion, nor was any further action taken by the Appellant to obtain a ruling upon his motion. It is the Appellant who bears the burden of providing us an adequate record for review. By his failure to include the appropriate documents in the record, the Appellant has failed to establish that the contested sentences and sentence ranges which he received were not agreed upon and imposed pursuant to the terms of the plea agreements.

Moreover, the scant record before us establishes that the Appellant did in fact qualify as a Range II offender. Two prior Class B felony judgments of conviction, those in case 4153, for delivery of a Schedule II controlled substance are included in the record. The face of the judgments establish that these convictions occurred prior to the Appellant's convictions in case 4476. In order to be classified as a Range II, multiple offender, a defendant must have:

> (1) A minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes, where applicable. . . .

T.C.A. § 40-35-106(a)(1) (2003). The Appellant was convicted of: (1) second degree murder, a Class A felony; (2) attempted especially aggravated robbery, a Class B felony; and (3) felon in possession of a handgun, a Class E felony. Based upon the above statute, the Appellant did qualify as a Range II offender. Thus, his asserted issue is without merit.

The Appellant also argues that the trial court erred by not reviewing the merits of his allegedly expired sentences in case number 4153. In his original petition, the Appellant alleged that these sentences "ha[d] expired due to denial of revocation hearing[,] thereby denying the petitioner his constitutional right to due process of law." Initially, we note that the order dismissing the petition states that the sentences "ha[d] not expired." Thus, it appears that the court did consider the issue and made a determination. Moreover, the Appellant has failed to include any documentation within the record in support of his claim. Indeed, there is no proof in the record before us that his 1995 sentences were, in fact, ever revoked. Additionally, there is nothing before us to indicate that the Appellant remains confined under the restraint of these sentences. Because of his failure to include the appropriate documentation in the record and failure to cite to any authority in his brief, review of the issue has been waived. Tenn. R. App. P. 24(b); Tenn. R. Ct. Crim. App. 10(b).

## CONCLUSION

Based upon the foregoing, the Lauderdale County Circuit Court's summary dismissal of the petition for writ of habeas corpus is affirmed.

_____
DAVID G. HAYES, JUDGE