IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2015

## STATE OF TENNESSEE v. MARCUS GRADY HODGE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2010-B-1189     Steve R. Dozier, Judge**

---

### No. M2015-01225-CCA-R3-CD – Filed March 24, 2016

---

The appellant, Marcus Grady Hodge, filed a motion to correct an illegal sentence in the Davidson County Criminal Court pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court summarily denied the motion, and the appellant appeals the ruling. Based upon our review of the record and the parties' briefs, we affirm the trial court's denial of the motion but remand the case for correction of a clerical error on the judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Marcus Grady Hodge, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In May 2010, the Davidson County Grand Jury indicted the appellant for counts one through three, selling one-half gram or more of cocaine within a drug-free school zone; count four, possessing twenty-six grams or more of cocaine with intent to sell or deliver; count five, possessing a firearm with the intent to go armed during the commission of a dangerous felony; count six, simple possession of marijuana; and count

seven, possession of drug paraphernalia. On July 18, 2011, the appellant pled guilty in counts two and three to selling one-half gram or more of cocaine and to count four as charged, possessing twenty-six grams or more of cocaine with intent to sell or deliver, Class B felonies. Pursuant to the plea agreement, the appellant received concurrent, twenty-three-year sentences to be served at thirty-percent release eligibility. In the special conditions section of the judgment forms, the trial court wrote, "Pursuant to [Hicks v. State, 945 S.W.2d 706 (Tenn. 1997)], defendant pleads as a persistent offender with 30% release eligibility as part of a negotiated plea agreement." The remaining counts were dismissed.

On August 8, 2011, the appellant filed a pro se "Motion of Withdrawal of Plea-Pre Final Judgment," requesting that he be allowed to withdraw his guilty pleas. On October 13, 2011, he filed a pro se "Motion for Correction or Reduction of Sentence" pursuant to Rule 35(b), Tennessee Rules of Criminal Procedure. Nothing indicates that the State or the trial court ever addressed the motions.

On May 27, 2015, the appellant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences of twenty-three years at thirty percent were illegal and that he should have received sentences of eight to twelve years as a Range I, standard offender. On June 10, 2015, the trial court denied the motion on the basis that the appellant agreed to a Range III sentence with a thirty percent release eligibility pursuant to a negotiated plea agreement as allowed by Hicks.

## II. Analysis

On appeal, the appellant maintains that his effective twenty-three-year sentence is illegal because "a first time [offender] convicted of a Class B felony is NOT eligible for such agreed upon sentence." He also contends that the trial court erred by not addressing his previous motions to withdraw his guilty pleas and reduce his sentences. Finally, he contends that his judgments are facially void because they were signed by two judges. The State argues that the appellant is not entitled to relief. We conclude that the trial court properly denied the appellant's Rule 36.1 motion but remand the case to the trial court for correction of the judgments.

Historically, "two distinct procedural avenues [were] available [in Tennessee] to collaterally attack a final judgment in a criminal case—habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004); see also State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. at Jackson, Dec. 8, 2014). However, "Rule 36.1 was adopted, effective July 1, 2013, with its express purpose 'to provide a mechanism for the defendant or the State

to seek to correct an illegal sentence.'" State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015) (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt.). Rule 36.1, provides, in part:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a); see Secdrick L. Booker v. State, No. M2014-00846-CCA-R3-CD, 2014 WL 7191041, at *2 (Tenn. Crim. App. at Nashville, Dec. 18, 2014).

If the motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court recently recognized that "Rule 36.1 does not define 'colorable claim.'" State v. Wooden, 478 S.W.3d 585, 592 (Tenn. 2015). Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593.

The appellant asserts that the trial court could not impose a sentence outside the eight to twelve-year range established for Range I offenders convicted of a Class B felony. See Tenn. Code Ann. § 40-35-112(a)(2). However, our supreme court has held that "a plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d 776, 779 (Tenn. 2007). Moreover, offender classifications "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). Accordingly, even if the appellant qualified as a Range I offender, the trial court could sentence him as a Range III, standard offender pursuant to a plea agreement as long as the plea was knowing and voluntary. See Hicks, 945 S.W.2d at 709 (stating that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility"). The twenty-three-year sentences in this case did not exceed the maximum punishment statutorily authorized for the Class B felony offenses; thus, the sentences are not illegal. See Tenn. Code Ann. § 40-35-111(b)(2) (providing that the sentence range for a Class B felony is no less than eight years and no more than thirty years). Accordingly, the trial court properly denied the appellant's Rule 36.1 motion.

Regarding the appellant's previous two motions, the record does not reflect that either was ever addressed by the State or disposed of by the trial court. Thus, they remain pending in the trial court and are not ripe for appellate review.

Finally, as to the appellant's claim that the judgments are void because they were signed by two judges, our review of the judgment forms shows that Judge Mark J. Fishburn signed the forms on the line for "Judge's Signature" and that Judge Steve R. Dozier's name is printed on the line for "Judge's Name" immediately to the left of the signature. Thus, two judges did not sign the forms. The courtroom minutes from July 18, 2011, show that Judge Fishburn accepted the appellant's guilty pleas. Judge Fishburn also signed a written order accepting the pleas. Thus, Judge Fishburn properly signed the appellant's judgments of conviction, and Judge Dozier's printed name on the forms is a clerical error. Accordingly, we remand this matter to the trial court for correction of the clerical error pursuant to Rule 36, Tennessee Rule of Criminal Procedure.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's denial of the appellant's Rule 36.1 motion but remand the case to the trial court for correction of the judgments.

_____
NORMA MCGEE OGLE, JUDGE