IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2017

## STATE OF TENNESSEE v. ROBERT ALLEN TERRITO

**Appeal from the Circuit Court for Jackson County**
**No. 08-CR-57       Brody N. Kane, Judge**

————————————————————

### No. M2016-00548-CCA-R3-CD

————————————————————

Pro se petitioner, Robert Allen Territo, appeals the summary dismissal of his Rule 36.1 motion to correct an illegal sentence by the Circuit Court for Jackson County. On appeal, the petitioner argues that (1) he should have been sentenced as a Range I offender; (2) the trial court erred by improperly enhancing his sentence above the statutory minimum; (3) the trial court violated Rule 11 by accepting his guilty plea; and (4) he received ineffective assistance of counsel. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Robert Allen Territo, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; and James M. Lea, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On August 18, 2008, the petitioner was indicted for aggravated sexual battery, two counts of rape of a child, and three counts of incest. These charges stemmed from the petitioner's admission to Jackson County sheriff's office that he had sexual contact with his twelve-year-old daughter, A.T.[1] On February 11, 2010, the petitioner signed a petition waiving all rights to a trial by jury and an appeal and requested the trial court to accept his guilty plea for one count of aggravated sexual battery. The petitioner acknowledged that he was pleading outside of his range in exchange for the State's dismissal of the remaining counts. Pursuant to the plea agreement, the petitioner pled

---

[1] It is the policy of this court to refer to minor victims by their initials.

guilty to one count of aggravated sexual battery as a Range II offender and received an effective sentence of fifteen years' incarceration to be served at one hundred percent.

On January 14, 2016, the petitioner filed the following motions: a motion to obtain trial transcript, a request for discovery and inspection pursuant to Rule 16 of the Tennessee Rule of Criminal Procedure, and a motion to obtain child protect[ive] services victim interview. He also filed a motion to proceed in forma pauperis. The trial court entered an order on January 28, 2016, dismissing his motions because he failed to file his motions "within the prescribed statute of limitations." This order was filed on February 2, 2016. On February 9, 2016, the petitioner filed a motion to correct illegal sentence, alleging that the trial court erred by enhancing his sentence and sentencing the petitioner as a Range II offender, rather than a Range I offender. He also asserted that his sentence violated the principles of the Sentencing Act. Finally, he claimed that he received ineffective assistance of counsel. On February 22, 2016, the petitioner filed a notice of appeal requesting the same documents and transcripts as his January 14 motion. The trial court entered an order on March 9, 2016, dismissing the notice of appeal and all other "pleadings/motions." This order was entered on March 14, 2016. It is from this order that the Petitioner appeals.

## ANAYLSIS

In this appeal, the petitioner argues that his sentence is illegal because the trial court failed to find any enhancement factors to justify a sentence above the statutory minimum and thereby sentencing the petitioner as a Range II offender. He also claims that the trial court "abrogated Rule 11" by accepting his guilty plea. Finally, he argues that he received ineffective assistance of counsel because his attorney allowed the petitioner to receive a sentence above the statutory minimum and to plead outside his applicable sentencing range. The State argues that the petitioner failed to present a colorable claim under Rule 36.1 and that the petitioner's ineffective assistance of counsel claim is barred by the one-year statute of limitations. Upon review, we agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, a petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3); see State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

In Wooden, the Tennessee Supreme Court recognized that "mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal." Id. at 595 (citing Cantrell v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)). The court held that sentencing errors could be divided into three categories- clerical errors, appealable errors, and fatal errors. Id. The court emphasized that only fatal errors are "'so profound as to render the sentence illegal and void.'" Id. (quoting Cantrell, 346 S.W.3d at 452). This category consists of sentences not authorized by the applicable statutes or sentences that directly contravene an applicable statute. Id. (citing Tenn. R. Crim. P. 36.1(a)(2); Cantrell, 346 S.W.3d at 452). Included in the category of fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). On the other hand, appealable errors, which consist of those errors for which the Sentencing Act provides a right of direct appeal, include errors "'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction,' such as claims that the record does not support the trial court's factual findings regarding sentencing." Id. (quoting Cantrell, 346 S.W.3d at 450-52). The court added that "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. (citing Cantrell, 346 S.W.3d at 450-51; State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014)).

The petitioner is aggrieved because he pled guilty to and received a sentence outside of his applicable sentencing range and above the statutory minimum. Taking the petitioner's claims as true, and viewing them in the light most favorable to him, we agree with the trial court, and conclude that he has failed to present a colorable claim for correction of an illegal sentence. In exchange for the dismissal of other charges, the petitioner, a Range I offender, entered a guilty plea, agreeing to be sentenced as a Range II offender. A Range I, standard offender convicted of a Class B felony is subject to a sentence range of "not less than eight (8) nor more than twelve (12) years[.]" T.C.A. § 40-35-112 (2010). A Range II, multiple offender convicted of a Class B felony is subject to a sentence range of "not less than twelve (12) nor more than twenty (20) years." Id. The petitioner is not entitled to relief on this ground because "[a] plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d 776, 779 (Tenn. 2007). In addition, offender classifications "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). The fifteen-year sentence imposed in this case did not exceed the maximum

punishment statutorily authorized for the Class B felony offense; thus, the petitioner's sentence is not illegal. See State v. Marcus Grady Hodge, No. M2015-01225-CCA-R3-CD, 2016 WL 1166356, at *2 (Tenn. Crim. App. Mar. 24, 2016). Accordingly, the trial court properly denied the petitioner's Rule 36.1 motion.

Finally, the petitioner argued that he received ineffective assistance of counsel for which he is entitled to relief under Rule 36.1. However, "a Rule 36.1 motion to correct illegal sentence is not the proper mechanism by which to challenge the sufficiency of trial counsel," and this claim is merely an appealable error that does not render his sentence illegal and void. State v. Maurice Allen Mills, Jr., No. E2016-01118-CCA-R3-CD, 2017 WL 1437166, at *2 (Tenn. Crim. App. Apr. 21, 2017); See State v. Markhayle Jackson, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at * 2 (Tenn. Crim. App. May 31, 2016). The appropriate remedy for ineffective assistance of counsel claim is through the Post-Conviction Procedure Act. Furthermore, as the State notes, if the trial court interpreted the motion as a petition for post-conviction relief, the statute of limitations has expired, and the petitioner does not fall into any of the exceptions. Accordingly, the petitioner failed to state a colorable claim that his sentence is illegal, and he is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

- 4 -